IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Robert N. Creely, et al.,                 Case Nos. 3:09 CV 2879
                                                          3:10 CV 417
                    Plaintiffs,                3:10 CV 2200

                    -vs-                         O R D E R

HCR ManorCare, Inc., et al.,             JUDGE JACK ZOUHARY

                    Defendants.

At the request of Defendants, this Court has considered the impact of *Wal-Mart Stores, Inc. v. Dukes et. al.*, ___ S.Ct. ___, 2011 WL 2437013 (U.S. 2011) on the FLSA collective action pending before this Court. This Court concludes the concerns expressed in *Dukes* simply do not exist here.

The Supreme Court's first holding -- that certification of the class was inconsistent with Federal Civil Rule 23(a) -- focused on the Rule 23(a)(2) "commonality" requirement. According to the Court, the plaintiffs' claim "must depend on a common contention . . . of such a nature that it is capable of classwide resolution - which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes* at 9. But the Sixth Circuit has drawn a distinction between Rule 23(a)(2)'s "commonality" requirement and the FLSA's "similarly situated" requirement, expressly declining to apply Rule 23's standard to FLSA claims. See *O'Brien v. Ed Donnelly Enters.*, 575 F.3d 576, 584 ("While Congress could have imported the more stringent criteria for class certification under [Rule] 23, it has not done so in the

FLSA."). In *O'Brien*, for example, the court determined that the plaintiffs were similarly situated where "their claims were unified by common theories of defendants' statutory violations," even though "proof of a violation as to one particular plaintiff [did] not [necessarily] prove that the defendant violated any other plaintiff's rights." *Id.* at 585.

Moreover, the plaintiffs' claims in *Dukes* are fundamentally different from those in this case. In *Dukes*, resolution of the plaintiffs' gender-based Title VII claims depended on the reasons for each particular employment decision. *Dukes* at 7. That the plaintiffs wished to sue over "literally millions of employment decisions at once" concerned the Supreme Court because "without some glue holding the alleged *reasons* for all those decisions together, it [would] be impossible to say that examination of all the class members' claims for relief [would] produce a common answer to the crucial question *why was I disfavored*." *Id.* By contrast, the FLSA claims before this Court do not require an examination of the subjective intent behind millions of individual employment decisions; rather, the crux of this case is whether the company-wide policies, as implemented, violated Plaintiffs' statutory rights.

The second holding in *Dukes* -- that the class was improperly certified under Rule 23(b)(2) -- rested largely on due process concerns. Specifically, the Supreme Court concluded the plaintiffs' individual money-damages claims predominated, and held the absence of notice and opt-out procedures under Rule 23(b)(2) -- as compared to Rule 23(b)(3) -- violated plaintiffs' due process rights. *See Dukes* at 12–14. However, the same concerns do not arise in an FLSA claim. Indeed, the FLSA's "opt-in" procedure ensures that plaintiffs who wish to preserve their individual claims may readily do so.

In sum, *Dukes*' holdings do not have implications in this particular case, and thus no further briefing on the issue is needed.

IT IS SO ORDERED.

                                                        s/ *Jack Zouhary*
                                             JACK ZOUHARY
                                             U. S. DISTRICT JUDGE

July 1, 2011